UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO HERRING ASSOCIATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, et al.,<br><br>Defendants. | Case No. 14-cv-04393-WHO<br><br>**ORDER REGARDING DISCOVERY**<br>Re: Dkt. No. 75 |

The parties' Joint Discovery Statement revisits issues argued in various ways since June: how much discovery is necessary to try the Known Clarke Property Claims? Defendant Pacific Gas and Electric Company ("PG&E") has the correct approach. Dkt. No. 75 at 3-4. Discovery is limited to what is relevant to the North Beach MGP. PG&E must produce programmatic documents that affect the North Beach MGP, regardless of whether the documents also affect other parts of San Francisco, and individual remediation documents in the North Beach MGP.

Plaintiff Dan Clarke also seeks documents concerning how homeowners have been compensated in lieu of remediation. He claims that this information is necessary to perfect his punitive damages claim because PG&E has a "take it or sue me" approach to settlements. PG&E responds that the settling homeowners have privacy rights that it must respect, and also argued (during the telephonic hearing) that it would be burdensome to produce all the documents related to such settlements.

The ultimate relevance of these documents is unclear. They would be inadmissible unless Clarke prevails on the Known Clarke Property Claims and the jury determines that PG&E has acted in an oppressive, fraudulent or malicious way towards him. Then, the documents might be

1 relevant to the jury's determination of the amount of punitive damages to award. But determining the reasonableness of each third-party settlement would require extensive discovery and result in individual mini-trials that may well be unnecessary and will certainly be time-consuming and expensive to prepare and present. Rather than allow such discovery at this time, and consistent with my holding in the first paragraph of this Order, I will allow Clarke to inquire in deposition into the methodology PG&E used to arrive at its settlement proposals offering compensation to homeowners in the North Beach MGP and into any policies it has regarding such settlements, and to receive related programmatic documents. I will not allow discovery into any individual settlements at this time. If Clarke obtains a verdict that entitles him to punitive damages, a separate jury will be empanelled to make that determination after Clarke obtains relevant punitive damages discovery.

**IT IS SO ORDERED**.

Dated: November 2, 2015



WILLIAM H. ORRICK
United States District Judge