1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7  SAN FRANCISCO HERRING                Case No.  14-cv-04393-WHO
   ASSOCIATION, et al.,

8                  Plaintiffs,          **ORDER DENYING PLAINTIFFS'
                                        MOTION TO STRIKE**
9           v.
                                        Re: Dkt. No. 76
10 PACIFIC GAS AND ELECTRIC
   COMPANY, et al.,
11
                   Defendants.
12

13                          **INTRODUCTION**

14         There is no merit in Plaintiffs' Motion to Strike Portions of Defendants' Amended Answer

15 and To Deem Allegations Admitted.  Dispositively, it is untimely.  While I have discretion at any

16 time under Federal Rule of Civil Procedure 12(f)(1) to strike an insufficient defense or any

17 redundant, immaterial, impertinent or scandalous matter, plaintiffs San Francisco Herring

18 Association and Dan Clarke have given me no reason to do so.  Instead, they cite outdated case

19 law and mischaracterize the nature of many of defendants Pacific Gas and Electric Company and

20 PG&E Corporation's (collectively "PG&E") answers.  Motions to strike are generally viewed with

21 disfavor, and there is no showing that the relief sought in this motion would streamline the

22 resolution of this case.  After considering the operative answer and the parties' briefs, I find this

23 matter suitable for decision without oral argument.  The hearing set on December 16, 2015 for this

24 motion is VACATED and the motion is DENIED.

25                       **PROCEDURAL HISTORY**

26         This case arises from allegations involving violations of the Resource Conservation and

27

28

United States District Court
Northern District of California

Recovery Act, the Clean Water Act, and various state tort laws.[1]  After I denied PG&E's first motion to dismiss, the parties stipulated to allow plaintiffs to file a first amended complaint ("FAC"), which they did on March 9, 2015.  Dkt. No. 51.  PG&E filed its answer shortly thereafter.  Dkt. No. 54.  After an exchange of meet and confer correspondence between the parties regarding the sufficiency of the first answer, PG&E filed an amended answer ("the Amended Answer") on September 22, 2015.  Dkt. No. 70.  On October 22, 2015 plaintiffs filed the present motion to strike approximately 80 paragraphs from the Amended Answer and to deem the allegations admitted.  Mot. [Dkt. No. 76].

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(b) requires that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."  Fed. R. Civ. P. 8(b)(1).  Rule 8(b)(6) states that: "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(6).

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The function of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co*., 697 F.2d 880, 885 (9th Cir.1983).  Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc*., 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004).  If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. *See Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc*., 994 F. Supp. 2d 1082, 1090-91 (E.D. Cal. 2014); *Corr. USA v. Dawe*, 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007).

---

[1] The factual background of this case is fully set forth in a previous order.  Dkt. No. 44.

United States District Court
Northern District of California

**DISCUSSION**

Under Federal Rule of Civil Procedure 12(f)(2), a motion to strike must be filed within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f)(2). Because plaintiffs filed their motion on October 22, 2015, which is 30 days after PG&E filed the Amended Answer, the motion is untimely pursuant to Rule 12(f)(2). Accordingly, plaintiffs' motion is DENIED.

Under Rule 12(f)(1) a court, in its discretion, may act at any time. Fed. R. Civ. P. 12(f)(1). Plaintiffs urge that I do so because the Amended Answer is 255 paragraphs and plaintiffs were "hard-pressed to adequately assess the extent of these improper responses within the 21-day deadline." Mot. at 7 n.2. But the length of PG&E's Amended Answer was dictated by the number of allegations in the FAC filed by plaintiffs. Moreover, plaintiffs had a chance to analyze many of the same issues over the course of the lengthy meet and confer process that resulted in the filing of the Amended Answer, so there is no excuse for their untimeliness.

I decline to exercise the court's power under Rule 12(f)(1) because plaintiffs have not shown that their motion would "streamlin[e] the ultimate resolution of the action and focus[] the jury's attention on the real issues in the case." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994); *see also Carolina Cas. Ins. Co.*, 994 F. Supp. 2d at 1091 ("The absence of prejudice is a sufficient reason to deny moving defendants' motion to strike."). Plaintiffs' motion selectively quotes the Amended Answer, creating the illusion of a problem when there is none, cites outdated case law, and mischaracterizes the nature of a number of PG&E's answers. For example, plaintiffs seek to strike, and deem admitted, the Amended Answer's denials for lack of knowledge or information of the allegations in FAC ¶¶108-109 regarding Pacific Herring, on the basis that these are "sham" denials. Mot at 12 (citing *Harvey Aluminum, Inc. v. N.L.R.B.*, 335 F.2d 749 (9th Cir. 1964)). But, as a result of the 1983 amendment to Rule 11, the Ninth Circuit held that "our suggestion in *Harvey Aluminum* that a district court has 'free-standing authority to strike pleadings simply because' it believes them to be a sham is no longer valid." *In re Mortgages Ltd.*, 771 F.3d 623, 631 (9th Cir. 2014). "In sum, courts cannot examine statements in an answer or other pleading and decide, on the basis of their own intuition that the statements are implausible or a sham and thus can be disregarded." *Id*. at

United States District Court
Northern District of California

United States District Court
Northern District of California

632.  A factual determination by the Court regarding the extent of PG&E's knowledge is improper at this stage.

Additionally, plaintiffs seek to strike numerous paragraphs of the Amended Answer as "akin to statements that the 'document speaks for itself'" Mot at 11.  While it may be inappropriate to respond simply that the "document speaks for itself," that is not what PG&E did.  The majority of the identified paragraphs deny the characterization of documents or information taken from documents and admit allegations only to the extent that they accurately reflect the documents at issue.  The disputed paragraphs also include a generalized denial of all matters not admitted.  *See, e.g.,* Amended Answer ¶47 ("To the extent the allegations of Paragraph 47 are based on the contents of written documents, PG&E admits that to the extent such allegations accurately reflect the contents of the documents, such statements exist, and otherwise denies them.  PG&E denies that Plaintiffs' characterization of these documents is accurate, and denies Plaintiffs' framing of these issues.  PG&E denies the remaining allegations of Paragraph 47.").  In these instances PG&E "satisfies its burden under Rule 8(b)(1) by providing partial admission or denial and then a more generalized denial."  *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1175 (N.D. Cal. 2010).

Similarly plaintiffs argue that PG&E has improperly asserted that numerous of its allegations constitute "legal conclusions."  Mot at 13.  However, PG&E does not simply refuse to answer plaintiffs' allegations on the basis that they state a legal conclusion.  Instead, PG&E denies the allegations that attempt to draw a legal conclusion while also responding to the remaining allegations.  *See, e.g.,* Amended Answer ¶150 ("PG&E admits the allegations in the third sentence of Paragraph 150.  PG&E denies the allegations of Paragraph 150 that attempt to draw legal conclusions from statutes and/or regulatory programs and denies the allegations to the extent any of these allegations are incomplete and/or inconsistent with the sources from which they originate.  PG&E denies the remaining allegations of Paragraph 150.").  "Where defendants deny factual allegations in addition to identifying legal conclusions, Ninth Circuit district courts generally decline to strike defendants' answers."  *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-cv-01189-LHK, 2011 WL 2971046, at *3 (N.D. Cal. July 21, 2011); *see also Barnes*, 718 F. Supp. 2d at

1175 (denying plaintiff's motion to deem certain allegations admitted when "[defendant] has refused to either admit or deny the ultimate legal conclusions alleged by [plaintiff and] [defendant] has denied all of the factual allegations on which those legal conclusions rest.").  To the extent the allegations do not contain legal conclusions, as plaintiffs assert, PG&E's denial of the remaining allegations operate as their answer.

In short, PG&E's answers are sufficient under Federal Rule of Civil Procedure 8(b)(1).

## CONCLUSION

Plaintiffs' motion to strike is untimely.  I decline to exercise discretion under Federal Rule of Civil Procedure 12(f)(1) for the reasons described above.  Plaintiffs' motion is DENIED.

**IT IS SO ORDERED**.

Dated: December 10, 2015



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California